EXHIBIT B

## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

| | | |
|---|---|---|
| JEANNE MAGEE<br>4561 Ridge Road, Apt. 2<br>Nottingham, Maryland 21236 | * | |
| | * | |
| **Plaintiff** | * | |
| v. | * | CASE NO. |
| TARGET STORES, INC.<br>1330 Martin Boulevard<br>Middle River, Maryland 21220 | * | |
| | * | |
| SERVE ON:<br>THE CORPORTATION TRUST, INC.<br>351 West Camden Street<br>Baltimore, Maryland 21201 | * | |
| | * | |
| and | * | |
| ALL JERSEY JAANITORIAL SVCS., INC.<br>P.O. Box 6333<br>Freehold, New Jersey 07728 | * | |
| | * | |
| SERVE ON:<br>MARYLAND AGENT SERVICE, INC.<br>8007 Bailey's Lane<br>Pasadena, Maryland 21122 | * | |
| | * | |
| **Defendants** | * | |

\*    \*    \*    \*    \*    \*    \*

## COMPLAINT

COMES NOW the Plaintiff, Jeanne Magee, by and through her counsel, David A. Muncy and Plaxen & Adler, P.A., and states as follows:

1.    That the Defendant, Target Stores, Inc. (hereinafter referred to as "Target") owned property located at 1330 Martin Boulevard, Middle River, Maryland, and that at all times relevant thereto, were responsible for the maintenance and supervision of the property known as 1330 Martin Boulevard, Middle River, Maryland.

Plaxen & Adler PA
10211 Wincopin Circle
Suite 620
Columbia, MD 21044
(410) 730-7737

-1-

2.      That on or about July 5, 2019 at approximately 11:55 a.m., the Plaintiff, Jeanne Magee, was shopping at the Target store previously identified, when she slipped on freshly waxed and fell, resulting in severe personal injuries.

3.      That at the aforementioned time and place, the Defendant, All Jersey Janitorial Services, Inc. (hereinafter referred to as "All Jersey Janitorial") had an employee working waxing the floor inside the Target store previously identified.

4.      That the employee of Defendant All Jersey Janitorial caused the wet wax that the Plaintiff slipped on to be on the floor and failed to provide any warning of the wet wax.

5.      That in the alternative, Defendant Target caused the wet wax that the Plaintiff slipped on to be on the floor and failed to provide any warning of the wet wax, or knew or should have known that the wet wax was on the floor and failed to provide any warning of the wet wax.

6.      That at the aforementioned time and place, the Plaintiff, Jeanne Magee, was a business invitee on the premises and was lawfully and properly on said property.

7.      That said incident took place in Baltimore County, Maryland.

8.      That at all times in question, the Plaintiff, Jeanne Magee, acted in a careful and prudent manner without any negligence contributing to the resulting incident.

## COUNT I
### (Negligence)
### (Jeanne Magee v. Target Stores, Inc.)

9.      That the Plaintiff, Jeanne Magee, adopts and incorporates all of the allegations of facts set forth as if fully set forth herein, and, in addition, states as follows:

10.     That at the aforementioned time and place, the Defendant, Target, had a duty to the public to maintain the premises and grounds in question in a safe and unhazardous condition.

Plaxen & Adler PA
10211 Wincopin Circle
Suite 620
Columbia, MD 21044
(410) 730-7737

-2-

11.     That despite the Defendant's duty to maintain the aforesaid premises and grounds in a safe and unhazardous condition, there was present at the aforementioned time and place a dangerous situation which the Defendant knew, or should have known, would cause injuries to the public.

12.     That the Defendant, Target, breached its duty of care by failing to keep the location where the Plaintiff, Jeanne Magee, was injured in a safe and unhazardous condition.

13.     That the Defendant, Target, breached its duty of care and was negligent in the following particulars, among others, to wit:

      a)     Failing to keep the property, premises and grounds known as 1330 Martin Boulevard, Middle River, Maryland, in a safe and unhazardous condition;

      b)     Failing to provide any warnings of the dangerous condition;

      c)     Maintaining said property without due regard for the rights and safety of others;

      d)     Being otherwise careless, reckless and negligent in regard to the maintenance, or lack thereof, of the aforesaid property.

14.     That all of the above-mentioned acts of negligence were carried out by the Defendant, Target.

15.     That the injuries of the Plaintiff, Jeanne Magee, were a natural and probable consequence and were a direct result of the Defendant's negligence.

16.     That as a direct result of the negligence of the Defendant, Target, the Plaintiff, Jeanne Magee, suffered severe pain and permanent injuries to her body, as well as severe and protracted shock to her nervous system, all of which have caused her, and will continue to cause her, great pain and mental anguish.

17.     That as a further direct result of the negligence of the Defendant, Target, the Plaintiff, Jeanne Magee, has been forced to spend, and will continue to expend, large sums of

Plaxen & Adler PA
10211 Wincopin Circle
Suite 620
Columbia, MD 21044
(410) 730-7737

-3-

money for x-rays, doctors, nurses, medical treatment and medicine for the treatment of the aforesaid injuries to herself.

**WHEREFORE**, the Plaintiff, Jeanne Magee, demands judgment against the Defendant, Target Stores, Inc., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs of this action and for such other relief as is deemed just and proper.

**COUNT II**
**(Respondeat Superior)**
**(Jeanne Magee v. Target Stores, Inc.)**

18.    That the Plaintiff, Jeanne Magee, adopts and incorporates all of the allegations of facts set forth above as if fully set forth herein and in addition states:

19.    That the unknown employee, was acting within the scope of his/her employment with the Defendant, Target, at the time of the incident.

20.    That as a direct result of the negligence of the unknown employee, while he/she was acting within the scope of said employment, the Plaintiff, Jeanne Magee, was caused to slip and fall on wet wax that was on the floor due to the unknown employee's negligence. That as a further direct result thereof, the Plaintiff, Jeanne Magee suffered severe pain and permanent injuries to her body, as well as severe and protracted shock to her nervous system, all of which have caused her, and will continue to cause her, great pain and mental anguish.

21.    That as a further direct result of the negligence of the unknown employee while acting within the scope of said employment, the Plaintiff, Jeanne Magee, has been forced to spend, and will continue to expend, large sums of money for hospitalization, x-rays, doctors, nurses, medical treatment and medicine for the treatment of the aforesaid injuries to herself.

**WHEREFORE**, the Plaintiff, Jeanne Magee, demands judgment against the Defendant, Target Stores, Inc. in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) for

Plaxen & Adler PA
10211 Wincopin Circle
Suite 620
Columbia, MD 21044
(410) 730-7737

-4-

damages, together with the costs of this action, and for such other and further relief as is deemed just and proper.

## COUNT III
### (Negligence)
### (Jeanne Magee v. All Jersey Janitorial Services, Inc.)

22. That the Plaintiff, Jeanne Magee, adopts and incorporates all of the allegations of facts set forth as if fully set forth herein, and, in addition, states as follows:

23. That at the aforementioned time and place, the Defendant, All Jersey Janitorial, had a duty to the public to maintain the location where they were waxing the floor in a safe and unhazardous condition.

24. That despite the Defendant's duty to maintain the aforesaid location in a safe and unhazardous condition, there was present at the aforementioned time and place a dangerous situation which the Defendant knew, or should have known, would cause injuries to the public.

25. That the Defendant, All Jersey Janitorial, breached its duty of care by failing to keep the location where the Plaintiff, Jeanne Magee, was injured in a safe and unhazardous condition.

26. That the Defendant, All Jersey Janitorial, breached its duty of care and was negligent in the following particulars, among others, to wit:

   a) Failing to keep the location where the Plaintiff fell, in a safe and unhazardous condition;

   b) Failing to provide any warnings of the dangerous condition;
   c) Maintaining said location without due regard for the rights and safety of others;

   d) Being otherwise careless, reckless and negligent in regard to the maintenance, or lack thereof, of the aforesaid property.

Plaxen & Adler PA
10211 Wincopin Circle
Suite 620
Columbia, MD 21044
(410) 730-7737

-5-

27.     That all of the above-mentioned acts of negligence were carried out by the Defendant, All Jersey Janitorial.

28.     That the injuries of the Plaintiff, Jeanne Magee, were a natural and probable consequence and were a direct result of the Defendant's negligence.

29.     That as a direct result of the negligence of the Defendant, All Jersey Janitoria, the Plaintiff, Jeanne Magee, suffered severe pain and injuries to her body, as well as severe and protracted shock to her nervous system, all of which have caused her, and will continue to cause her, great pain and mental anguish.

30.     That as a further direct result of the negligence of the Defendant, All Jersey Janitorial, the Plaintiff, Jeanne Magee, has been forced to spend, and will continue expend, large sums of money for x-rays, doctors, nurses, medical treatment and medicine for the treatment of the aforesaid injuries to herself.

**WHEREFORE**, the Plaintiff, Tonya Norman, demands judgment against Defendant, All Jersey Janitorial Services, Inc., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs of this action and for such other relief as is deemed just and proper.

## COUNT IV
### (Respondeat Superior)
### (Jeanne Magee v. All Jersey Janitorial Services, Inc.)

31.     That the Plaintiff, Jeanne Magee, adopts and incorporates all of the allegations of facts set forth above as if fully set forth herein and in addition states:

32.     That the unknown employee, was acting within the scope of his/her employment with the Defendant, All Jersey Janitorial, at the time of the incident.

33.     That as a direct result of the negligence of the unknown employee, while he/she was acting within the scope of said employment, the Plaintiff, Jeanne Magee, was caused to slip and fall on wet wax that was on the floor due to the unknown employee's negligence. hat

Plaxen & Adler PA
10211 Wincopin Circle
Suite 620
Columbia, MD 21044
(410) 730-7737

-6-

as a further direct result thereof, the Plaintiff, Jeanne Magee suffered severe pain and permanent injuries to her body, as well as severe and protracted shock to her nervous system, all of which have caused her, and will continue to cause her, great pain and mental anguish.

34.     That as a further direct result of the negligence of the unknown employee while acting within the scope of said employment, the Plaintiff, Jeanne Magee, has been forced to spend, and will continue to expend, large sums of money for hospitalization, x-rays, doctors, nurses, medical treatment and medicine for the treatment of the aforesaid injuries to herself.

**WHEREFORE**, the Plaintiff, Jeanne Magee, demands judgment against the Defendant, All Jersey Janitorial Services, Inc. in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) for damages, together with the costs of this action, and for such other and further relief as is deemed just and proper.

Respectfully submitted,

PLAXEN & ADLER, P.A.

David A. Muncy
10211 Wincopin Circle, Suite 620
Columbia, Maryland 21044
CPF No. 1212120291
(410) 730-7737
(410) 730-1615 – facsimile
*dmuncy@plaxenadler.com*
Counsel for Plaintiff

## CERTIFICATE OF COMPLIANCE

I **HEREBY CERITFY** that the documents filed herein do not contain any restricted information.

David A. Muncy
CPF No. 1212120291

Plaxen & Adler PA
10211 Wincopin Circle
Suite 620
Columbia, MD 21044
(410) 730-7737

-7-